ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUL 25 2023

KEVIN P. WEIMER, Clerk
By: JCC Deputy Clerk

ATTEST: A TRUE COPY
CERTIFIED THIS
Date: Oct 26 2023
KEVIN P. WEIMER, Clerk
By: Natalie Bowen
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

JAVIER JAVONTE MICHAUX,
NORO JOSE VEGA-MORALES, and
ZAKEE CAMPER, JR.

Criminal Indictment

No. 1:23-CR244

CR23-90-UNA

THE GRAND JURY CHARGES THAT:

### Count One

Beginning on a date unknown, but at least by on or about January 6, 2022, and continuing until on or about January 13, 2022, in the Northern District of Georgia and elsewhere, the defendants, JAVIER JAVONTE MICHAUX, NORO JOSE VEGA-MORALES, and ZAKEE CAMPER, JR., and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with one another, to violate the laws of the United States, that is:

- to engage in the business of dealing in firearms in violation of Title 18, United States Code, Section 922(a)(1)(A); and
- to transfer a machinegun in violation of Title 18, United States Code, Section 922(o).

### Overt Acts

In furtherance of the conspiracy and to accomplish its objectives, the defendants, JAVIER JAVONTE MICHAUX, NORO JOSE VEGA-MORALES, and ZAKEE

CAMPER, JR., and others known and unknown to the Grand Jury, committed, and caused to be committed, at least one of the following overt acts:

1. On January 6, 2022, defendant JAVIER JAVONTE MICHAUX ("MICHAUX") displayed a machinegun conversion device during a recorded Google Duo video call during which defendant MICHAUX quoted a price of $500 for the device.

2. On January 11, 2022, defendant MICHAUX displayed five firearms during a recorded FaceTime video call and stated he intended to obtain and sell two additional firearms.

3. On January 12, 2022, defendants MICHAUX, NORO JOSE VEGA-MORALES ("VEGA-MORALES"), and ZAKEE CAMPER, JR. ("CAMPER") met at defendant MICHAUX's apartment in Sandy Springs, Georgia.

4. On January 12, 2022, at his apartment, defendant MICHAUX introduced defendant CAMPER as "the key player" for machinegun conversion devices.

5. On January 12, 2022, defendant CAMPER demonstrated how to attach a machinegun conversion device to a semiautomatic Glock pistol.

6. On January 13, 2022, defendant MICHAUX carried five pistols and a multi-caliber rifle into a room at The Whitley hotel in Atlanta, Georgia and accepted $6,000 in exchange for the firearms.

7. On January 13, 2022, defendant NORO JOSE VEGA-MORALES carried a multi-caliber rifle into a room at The Whitley hotel and accepted $900 in exchange for the firearm.

8. On January 13, 2022, defendant VEGA-MORALES made a phone call and asked for two firearms he referred to as "the AR and the Hellcat."

9. On January 13, 2022, defendant MICHAUX called defendant VEGA-MORALES by phone and discussed whether a Givati multi-caliber rifle that defendant MICHAUX had carried into a room at The Whitley hotel was equipped with a machinegun conversion device.

All in violation of Title 18, United States Code, Section 371.

### Count Two

Beginning on a date unknown, but by no later than on or about January 12, 2022, and continuing through on or about January 13, 2022, in the Northern District of Georgia, the defendants, JAVIER JAVONTE MICHAUX, NORO JOSE VEGA-MORALES, and ZAKEE CAMPER, JR., aided and abetted by one another, not being licensed dealers of firearms within the meaning of Chapter 44 of Title 18 of the United States Code, did willfully engage in the business of dealing in firearms, all in violation of Title 18, United States Code, Section 922(a)(1)(A), and Section 2.

### Count Three

On or about January 12, 2022, in the Northern District of Georgia, the defendant, ZAKEE CAMPER, JR., did knowingly possess at least one machinegun as defined in Title 18, United States Code, Section 921(a)(24) and Title 26, United States Code, Section 5845(b), that is, a part designed and intended solely and exclusively for use in converting a weapon into a machinegun, in violation of Title 18, United States Code, Section 922(o).

## Count Four

On or about January 13, 2022, in the Northern District of Georgia, the defendant, JAVIER JAVONTE MICHAUX, knowing that he had been previously convicted of at least one of the following offenses punishable by imprisonment for a term exceeding one year:

- Possession of a Controlled Dangerous Substance with Intent to Distribute in the Circuit Court for Talbot County, Maryland, on or about August 10, 2016;
- Possession of a Controlled Dangerous Substance with Intent to Distribute in the Circuit Court for Talbot County, Maryland, on or about October 30, 2017;
- Burglary in the 4th Degree in the Circuit Court for Talbot County, Maryland, on or about December 11, 2017; and
- Theft in the Circuit Court for Talbot County, Maryland, on or about February 8, 2018,

did knowingly possess, in and affecting interstate and foreign commerce, at least one of the following firearms, that is:

| Firearm | Manufacturer | Model | Caliber |
| --- | --- | --- | --- |
| One (1) semiautomatic pistol | Springfield Armory | XD-M | .45 |
| One (1) semiautomatic pistol | Ruger | Security-9 | 9mm |
| One (1) semiautomatic pistol | Glock | 23 | .40 |
| One (1) semiautomatic pistol | Glock | 29 | 10mm |
| One (1) semiautomatic pistol | Glock | 19 | 9mm |
| One (1) rifle | Military Systems Group | --- | Multi |
| One (1) semiautomatic pistol | Taurus | G2C | 9mm |
| One (1) semiautomatic pistol | TİSAŞ | Zigana PX-9 | 9mm |
| One (1) rifle | Givati | GFF-15 | Multi |

all in violation of Title 18, United States Code, Section 922(g)(1).

### Count Five

On or about January 13, 2022, in the Northern District of Georgia, the defendant, NORO JOSE VEGA-MORALES, knowing that he had been previously convicted of at least one of the following offenses punishable by imprisonment for a term exceeding one year:

- Fraudulent Use of Credit Cards (five counts) in the Circuit Court of Escambia County, Florida, on or about June 29, 2015;

- Grand Theft in the Circuit Court of Escambia County, Florida, on or about June 29, 2015;

- Identity Fraud (seven counts) in the Superior Court of Gwinnett County, Georgia, on or about April 12, 2016; and

- Identity Fraud (eight counts) in the Superior Court of Rockdale County, Georgia, on or about June 25, 2016,

did knowingly possess, in and affecting interstate and foreign commerce, at least one of the following firearms, that is:

| Firearm | Manufacturer | Model | Caliber |
|---|---|---|---|
| One (1) rifle | Palmetto State Armory | --- | Multi |
| One (1) semiautomatic pistol | C3 Defense | 5.7 | 5.56x45mm |
| One (1) semiautomatic pistol | Springfield Armory | Hellcat | 9mm |
| One (1) rifle | Givati | GFF-15 | Multi |

all in violation of Title 18, United States Code, Section 922(g)(1).

### Count Six

On or about January 13, 2022, in the Northern District of Georgia, the defendants, JAVIER JAVONTE MICHAUX and NORO JOSE VEGA-MORALES, aided

and abetted by each other, did knowingly possess at least one machinegun as defined in Title 18, United States Code, Section 921(a)(24) and Title 26, United States Code, Section 5845(b), that is, a drop-in auto sear device designed and intended solely and exclusively for use in converting a weapon into a machinegun, in violation of Title 18, United States Code, Section 922(o), and Section 2.

## Forfeiture Provision

Upon conviction of one or more of the offenses alleged in this Indictment, the defendants, JAVIER JAVONTE MICHAUX, NORO JOSE VEGA-MORALES, and ZAKEE CAMPER, JR., shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in or used in the commission of the offenses.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States intends to seek forfeiture of any other property of the defendant up to the value of the forfeitable property, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c).

A __True__ BILL

_____
FOREPERSON

RYAN K. BUCHANAN
*United States Attorney*

THEODORE S. HERTZBERG
*Assistant United States Attorney*
Georgia Bar No. 718163

NOAH R. SCHECHTMAN
*Assistant United States Attorney*
Georgia Bar No. 937828

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181